Bernard N. WARD, Appellant,

v.

KNOX GAS & PRODUCTION COMPANY, Appellee.

Court of Appeals of Kentucky

March 20, 1959

Hobson & Meigs, Frankfort, A. E. Funk, Jr., Middlesboro, for appellant.

Grant Knuckles, Pineville, for appellee.

CULLEN, Commissioner.

Bernard N. Ward, a certified public accountant, brought action against the Knox Gas & Production Company to recover. a balance of around $2,300 allegedly due for accounting services rendered in the formation of two corporations which subsequently were merged to form the defendant corporation. The case was submitted to a jury, which returned a verdict for the defendant. Judgment was entered on the verdict, dismissing the action, and Ward has moved for an appeal from the judgment.

Ward testified that he was employed by the members of a partnership, composed of Bert Arms and two others, to set up two corporations as successor business entities to the partnership; that he performed all necessary accounting services for that purpose; and that the two corporations were established and they assumed the debts of the partnership. The work was done in 1947 and 1948. Bills for Ward's services were submitted to the new corporations. In 1950 Ward received a payment on his account, by personal check of Bert Arms, and on October 9, 1951, he received another payment in the form of a check for $500 drawn on the account of the Knox Production Company (one of the two corporations in question) and signed by Dr. Adam Stacy, who had in the meantime acquired principal ownership of the two corporations.

Ward's action was not commenced until September 1956, and the statute of limitations was pleaded as a defense. An issue was made as to whether the check of October 9, 1951, was given as payment on the old account, or for new services performed at that time by Ward for two different corporations owned by Dr. Stacy. This issue was submitted to the jury, and we think properly so, under the evidence that was presented on the trial. However, the court submitted an additional issue by an instruction authorizing the jury to find for the defendant if they believed that the obligation to pay for Ward's services was the obligation of Bert Arms and his partners, and not the obligation of the corporations. Appropriate objections to this instruction were made by Ward. It is our opinion that the giving of this instruction was error.

Dr. Stacy, who was the only witness for the defendant, testified that he took over the two original corporations in 1951, and that he had no knowledge of any transactions between Ward and the two corporations, or the partnership, prior to that time. He gave no testimony to contradict Ward's testimony that the two corporations assumed the debts of the partnership, and that the bill for his services was set up on the books of the corporations as a debt of the corporations. Accordingly, there was no evidence upon which to base the instruction authorizing the jury to find that the debt was solely a personal obligation of the former partners.

Since the verdict was simply a general finding for the defendant, there is no basis for determining under which instruction

the jury found the verdict. Therefore, it must be held that the giving of the erroneous instruction was prejudicial.

The motion for an appeal is sustained and the judgment is reversed, with directions to grant a new trial.